**HANSON v. HAYNES, Sheriff, et al.**

**No. 5393.**

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

For former opinion, see 170 So. 257.

Malcolm E. Lafargue, of Shreveport, for appellants.

A. S. Drew, of Minden, for appellee.

PER CURIAM.

In our written opinion on the original hearing of this case, we said: "He [counsel for appellant] specifically calls our attention to the fact that the instrument sued on was dated May 14, 1932, and contains a confession of judgment, and then argues that the one-year prescriptive period began on that date. The theory underlying this argument is that plaintiff discovered and was aware of the alleged fraud in connection with the judgment when she signed the confession of judgment note and that her inactivity for more than four years thereafter defeated her rights under the premises."

This statement is partly erroneous, for counsel contended, as shown by his brief, that " * * * a confession of judgment signed by a defendant is his answer to any subsequent suit brought on said confession of judgment by the plaintiff when said confession of judgment is made the basis of the suit. And furthermore, that when such a judgment is signed by the judge the party cast shall be considered duly notified of the judgment so rendered and signed. This, together with the fact that in article 622 of the Code of Practice, the law spe-

cifically provides, that, 'If the judgment has been rendered where no appeal lies, or on confession of one of the parties, the party wishing to make use of it may prosecute the execution immediately * * *', the appellee was put on notice of said judgment on November 22, 1932, and had one year from that date to bring an action of nullity."

Although the commission of this error is regretted, it in no manner affects the decision reached herein. Our conclusion and the reasons given in support thereof are the same under the correct contention.

There might be merit in counsel's argument and contention if fraudulent practice, in the obtaining of the judgment sought to be annulled, had not been alleged by plaintiff herein. Because of these allegations of fraud, however, we think the doctrine urged by counsel to be inapplicable.

DREW, J., recused.